T.C. Memo. 2000-119

UNITED STATES TAX COURT

EUGENE P. KREMER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4916-99.                    Filed April 5, 2000.

Benjamin C. Sanchez and Rebecca A. Walden, for petitioner.

Wendy Abkin, for respondent.

MEMORANDUM OPINION

GERBER, Judge:  Petitioner moved for an award of fees and costs under section 7430.[1]  Petitioner alleges that he is the prevailing party, has exhausted administrative remedies, did not unreasonably protract the administrative or court proceeding, and

_____

[1] Section references are to the Internal Revenue Code as amended and in effect for the period under consideration.

meets the net worth test.  Respondent does not dispute petitioner's allegations and agrees that petitioner is entitled to costs and fees.  The dispute between the parties concerns the reasonableness of petitioner's claim for costs and fees.

## Background

During 1993, respondent examined the Federal tax returns of disability retirees (including petitioner) of the City of Oakland, California, and, as of 1995, petitioner's counsel represented more than 300 similarly situated taxpayers.  During 1995, a test or lead case approach was agreed to, and a group of taxpayers agreed with respondent to be bound by the outcome of that case.  The policy was not uniform, however, and petitioner and other taxpayers were not afforded agreements to be bound to a test case.  During January 1996, a case with the same issue, Picard v. Commissioner, T.C. Memo. 1997-320, was submitted to the Court, resulting in a 1997 decision adverse to the taxpayer.

On December 10, 1998, respondent determined a deficiency for petitioner's 1996 tax year attributable to the disability income. On January 26, 1999, the Court of Appeals for the Ninth Circuit reversed this Court's holding in Picard v. Commissioner, 165 F.3d 744 (9th Cir. 1999), revg. T.C. Memo. 1997-320.  On February 5, 1999, before incurring the expense of filing a petition in response to the December 10, 1998, deficiency notice, petitioner advised that he would agree to an extension of the period of

assessment and requested respondent to rescind the deficiency notice. Respondent's agent agreed that it would be mutually beneficial to rescind, but the agent could not secure petitioner's internal file, and, accordingly, petitioner requested respondent's Appeals Office to rescind. In early March 1999, respondent refused to rescind the December 10, 1998, deficiency notice, and so petitioner, through his counsel, filed the petition to commence this proceeding. At about this time, it was evident that the Government would not seek a writ of certiorari with respect to the <u>Picard</u> case, a fact admitted by respondent in his May 7, 1999, answer.

This case was set for trial by this Court's August 19, 1999, trial notice. By letter dated November 18, 1999, respondent notified petitioner's counsel that respondent would concede the <u>Picard</u> issue, but would not agree to any costs or fees. Thereafter, petitioner and respondent negotiated concerning the case, and, as of January 13, 2000, the parties reached an impasse. On January 12, 2000, respondent's counsel wrote a letter to petitioner agreeing to pay the fees up to that point at an hourly rate of $125. Petitioner, however, rejected the offer. Respondent did not concede the substantive or underlying disability income issue until January 20, 2000, 4 days before the scheduled trial session. It appears that respondent withheld the concession until petitioner's counsel had to prepare the case for

presentation; i.e., stipulation of facts, etc.  Petitioner seeks $1,587 in administrative costs from the March 3, 1999, request to respondent's Appeals Office to rescind the deficiency notice until the March 9, 1999, mailing of his petition.  Petitioner also seeks $14,824.50 in litigation costs from the time of the petition to the filing of his motion seeking fees.  Petitioner's counsel is a specialized tax lawyer and is seeking $250 per hour, while respondent contends that, to the extent any such fees are recoverable, they should be paid at the modified statutory rate of $130 per hour.  In the alternative, if the Court is not disposed to grant more than the statutory fee, petitioner seeks reduced fees at the statutory rate.  A summary of petitioner's fee claims and the amounts to which respondent agrees is as follows:

### Claim for Administrative Fees and Costs

| | |
|---|---|
| Attorney's fees, 3/3/99 through 3/9/99, 5.91 hours at $250 per hour | $1,477.50 |
| Filing fee and clerical costs | +109.50 |
| Total administrative fees and costs claimed | 1,587.00 |
| Amount agreed to by respondent | -248.30 |
| Difference between the parties | 1,338.70 |

### Claim for Litigation Fees and Costs

| | |
|---|---|
| Attorney's fees, 3/10/99 to 1/27/00, 59.14 hours at $250 per hour | $14,785.00 |
| Clerical and office costs | +39.50 |
| Total litigation fees and costs claimed | 14,824.50 |
| Amount agreed to by respondent | -1,970.30 |
| Difference between the parties | 12,854.20 |

## Discussion

The discrepancy between the parties is attributable to two aspects: (1) Whether petitioner is entitled to attorney's fees at $250 per hour or whether he is limited to the statutory rate; and (2) whether petitioner is entitled to fees and costs after respondent's January 12, 2000, offer to settle petitioner's fee and cost claims.

Petitioner argues that he is entitled to attorney's fees greater than the statutory limit because his attorney is uniquely qualified to practice tax law and that such specialized knowledge was needed to aid him through his procedural dilemma. Neither respondent nor this Court questions the qualification of petitioner's counsel; the focus here is on the need, if any, for specialized expertise that would justify payment above the statutory limit. The circumstances here were "cut and dried", and petitioner had favorable appellate court precedent. The legal quest was to cause respondent to acknowledge that petitioner was entitled to a no-deficiency resolution of his case and to compensate petitioner for his costs incurred in pursuing that result. We cannot agree that such "lawyering" would warrant a variation from the statutory limit. See, e.g., Huffman v. Commissioner, 978 F.2d 1139, 1149-1150 (9th Cir. 1992), affg. in part, revg. in part and remanding T.C. Memo. 1991-144; see also Estate of Cervin v. Commissioner, 200 F.3d 351 (5th Cir. 2000),

affg. T.C. Memo. 1998-176. Accordingly, to the extent that petitioner is entitled to administrative or litigation fees, they shall be at the rate respondent determined under section 7430(c)(1)(B)(iii) to be $130 per hour.[2]

The other disagreement between the parties concerns the reasonableness of fees vis-a-vis the period for which fees should be awarded. Petitioner contends that he is entitled to claim fees from the time respondent refused to rescind the notice until the matter of his deficiency and claim for fees and costs was resolved. Respondent, however, contends that petitioner is entitled to claim fees only until January 13, 2000. Most of the fees were incurred after the parties reached an impasse and while petitioner's counsel prepared for trial. Respondent focuses on the January 13 cutoff because of a January 12, 2000, letter written by respondent's counsel agreeing to pay the fees up to that point, but at a $125 hourly rate instead of the $250 rate sought by petitioner. Petitioner rejected that offer, and his attorney continued trial preparation (preparation of stipulations of fact, etc). It was not until January 20, 2000, that respondent's counsel conceded the substantive issue, leaving the

---

[2] The parties do not contend that the 1998 amendments to sec. 7430(c)(1)(B)(iii) warrant a different result. See sec. 3101(a) and (b), Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 727, 728.

parties' disagreement about the fees and costs for presentation to the Court.

Respondent contends that the facts we consider here are similar to those in <u>Mearkle v. Commissioner</u>, 90 T.C. 1256 (1988). In that case, the taxpayers refused to accept the Commissioner's full concession for 4 months before trial, and we held that the taxpayers had protracted the litigation and were not entitled to fees for the protracted 4-month period.  Here, however, respondent did not concede the substantive issue until January 20, 2000, whereas he argues that petitioner should not be allowed to recover fees for work performed preparing the case for trial between January 13 and the concession date.  We cannot agree with respondent's cutoff date because respondent made an offer to resolve the fee issue but had not conceded the underlying issue for trial.  Accordingly, respondent's analogy to <u>Mearkle v. Commissioner</u>, <u>supra</u>, is inapposite.

In view of the foregoing, petitioner is entitled to fees for 5.91 hours plus 59.14 hours, or 65.05 hours, at $130 per hour, or $8,456.50, and costs of $149.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.